FILED

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES STANTON,**<br>Register No. 24683-016<br>CTF<br>1901 E Street S.E.<br>Washington, D.C. 20003<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>**U.S. PAROLE COMMISSION,**<br>**CHAIRMAN EDWARD F. REILLY, JR.,**<br>**CRANSTON J. MITCHELL,**<br>**DEBORAH A. SPAGNOLI,**<br>**PATRICIA K. CUSHWA,**<br>**ISAAC FULWOOD JR.**<br>(in their official capacities)<br>　　　5550 Friendship Blvd., Ste. 420<br>　　　Chevy Chase, MD 20815,<br><br>**DEVON BROWN,**<br><br>　　　Director<br>　　　D.C. Department of Corrections<br>　　　1923 Vermont Ave., N.W.<br>　　　Washington, D.C. 20001,<br><br>**JOHN D. CAULFIELD**<br>　　　In his official capacity as<br>　　　Warden of the<br>　　　Correctional Treatment Facility<br>　　　1901 E Street, S.E.<br>　　　Washington, D.C. 20003<br><br>　　　　　　Respondents. | No._____<br><br><br><br>CASE NUMBER  1:06CV01105<br><br>JUDGE: Paul L. Friedman<br><br>DECK TYPE: Habeas Corpus/2255<br><br>DATE STAMP: 06/15/2006 |

---

## PETITION FOR A WRIT OF HABEAS CORPUS

Charles Stanton, through counsel, respectfully submits this petition for a writ of habeas

corpus pursuant to 28 U.S.C. §§ 2241 and 2243. Based on the unconstitutional determination that

RECEIVED

JUN - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Mr. Stanton committed the crime of possession with intent to distribute cocaine, the United States Parole Commission (hereinafter "Commission") unlawfully found that Mr. Stanton was in violation of the conditions of his release on supervised release and remanded him to prison to serve a 22 month sentence.

The decision made by the Commission against Mr. Stanton in the Notice of Action dated May 8, 2006, violated his rights under Fourteenth Amendment to the United States Constitution because the Commission did not produce the adverse witness which it deemed necessary in Mr. Stanton's case, as per a notice of action dated March 27, 2006.  Mr. Stanton should not be deprived of his liberty based solely on the statement of a witness who admitted on the record that he did not have personal knowledge of the incident and that another witness was better suited to give information.  Moreover, the Commission agreed that Mr. Stanton should have the opportunity to confront and cross-examine the necessary witness in a notice of action dated March 27, 2006.

Given the constitutional violations committed against Mr. Stanton, as a result of the notice of action dated May 8 2006, which deprived him of his liberty based solely on unreliable and uncorroborated hearsay, Charles Stanton requests this Court grant this petition and:

(1)     Order the respondents to release Mr. Stanton from custody, terminate the parole revocation process against him, and reinstate Mr. Stanton to supervision; or, in the alternative,

(2)     Order the Respondents to release Mr. Stanton from custody and order a final supervised release hearing that comports with all the constitutional requirements afforded to a supervised releasee, including requiring the

presence of the Commission's witnesses against Mr. Stanton for cross-examination.

## STATEMENT OF JURISDICTION

The district court possesses jurisdiction to hear this case under 28 U.S.C. § 2241. *Blair-Bey v. Quick*, 151 F.3d 1036, 1039, *reh'g granted in part on other grounds*, 159 F.3d 591 (D.C Cir. 1998)(holding that "the appropriate defendant in a habeas action is the custodian of the prisoner"); *Gant v. Reilly*, 224 F. Supp. 2d 26, 31-40 (D.D.C. 2002) (Walton, J.); *Owen v. Gaines*, 219 F. Supp. 2d 94, 98 (D.D.C. 2002) (Sullivan, J.); *Allston v. Gaines*, 158 F. Supp. 2d 76, 78 n.1 (D.D.C. 2001) (Friedman, J.). *Accord Crawford v. Jackson*, 323 F.3d 123, 125-126 (D.C. Cir. 2003). Venue is proper under 28 U.S.C. § 1391. In order to preserve jurisdiction in the District of Columbia and to comply with *Stokes v. United States Parole Commission*, 374 F.3d 1235 (D.C. Cir. 2004), Mr. Stanton is requesting that the Court hold this request for a writ of habeas corpus in abeyance of the outcome of the results of Mr. Stanton's administrative appeal, in order for him to exhaust all of his administrative remedies, while maintaining his right to local jurisdiction.

## STATEMENT OF FACTS

1.     Charles Stanton is currently incarcerated at the Correctional Treatment Facility in Washington D.C. *See* District of Columbia Department of Corrections, Inmate Record, Booking Number 2006-00002, June 6, 2006 (attached as Exhibit #1).

2.     On May 28, 2003, the Superior Court for the District of Columbia sentenced Mr. Stanton to 30 months of incarceration followed by a 3 year term of supervised release for attempted possession with intent to distribute cocaine. On June 14, 2005, Mr. Stanton was

released on supervised release with a 3 year supervision term. *See* Certificate of Supervised Release for Charles Stanton, May 25, 2005 (attached as Exhibit #2).

3.    After his release to his term of supervised release, Mr. Stanton made a valiant effort to improve his life. He is the caretaker for his aging mother and helps her to get to and from various medical appointments as well as helping her to run errands.

4.    On November 10, 2005, Mr. Stanton was arrested in the District of Columbia and charged with possession with intent to distribute cocaine. The police report alleged that Officer Harry Sowers observed two black males conducting a drug transaction. The report also stated that the view from the observation post was partially obstructed. A lookout was given for the two black males and Mr. Stanton was placed under arrest by an Officer Melby and a search incident to arrest indicated that Mr. Stanton had $13.00 of U.S. currency. Narcotics were recovered by Officer Bartholomew away from Mr. Stanton's person. *See* Metropolitan Police Department Police Report, PD163, November 10, 2005 (attached as Exhibit #3).

5.    Mr. Stanton's case was disposed of on November 11, 2005, when the United States Attorney's office no papered his case and Mr. Stanton was released. *See* Superior Court for the District of Columbia Criminal Information System, Count Details, Case No. F0652405 (attached as Exhibit #4).

6.    Following the resolution of the aforementioned case in Superior Court, Mr. Stanton's Community Supervision Officer, Nacre S. Williams submitted a request for a warrant to the United States Parole Commission as a result of Mr. Stanton's re-arrest. *See* Alleged Violation Report, November 17, 2005 (attached as Exhibit #5). The Commission charged Mr. Stanton with one technical violation of his parole as well as possession with intent to distribute cocaine, stemming from the arrest for the charge which was no papered.

7.      At Mr. Stanton's probable cause hearing on January 6, 2006, the hearing examiner made a finding of probable cause on use of dangerous and habit forming drugs and on possession with intent to distribute crack cocaine and scheduled Mr. Stanton for a local revocation hearing on those charges for March 8, 2006 in Washington, D.C. *Cf.* 28 C.F.R. 2.23(a)(2003); 66 Fed. Reg. 51301 (Oct. 9, 2001)(Commission delegated probable cause determinations to hearing examiner).

8.      At the conclusion of the probable cause hearing, Mr. Stanton asserted his right to cross-examine and confront the witnesses against him. The Commission identified two adverse witnesses, Officer Harry Sowers and Officer B. Bartholomew. A reading of the police report indicated that Officer Sowers was present at the observation point and was an eyewitness and Officer Bartholomew simply recovered the narcotics. The Commission subpoenaed both Officers to the final revocation hearing on March 8, 2006.[1] *See* D.C. Probable Cause Hearing Digest for Charles Stanton. January 3rd, 2006 (attached as Exhibit #6).

9.      At Mr. Stanton's revocation hearing on March 8, 2006, only Officer Bartholomew complied with the subpoena issued by the Commission by appearing as a witness, Officer Sowers, defied the subpoena. After the hearing examiner reviewed Mr. Stanton's procedural rights, counsel objected to proceeding without the presence of Officer Sowers and stated clearly that Mr. Stanton was not waiving his right to cross examine Officer Sowers. The hearing examiner indicated that she would go forward with the testimony of Officer Bartholomew and then make a decision as to the necessity for re-subpoenaing Officer Sowers. The hearing examiner never articulated any good cause for the non-appearance of Officer Sowers.

---

[1] Under the Commission's guidelines, a witness against a parolee is called an "adverse witness." *See, e.g.*, 28 C.F.R. § 2.101(b) (2003)(defining "adverse witness" as a "witness [ ] who [has] given information upon which revocation may be based").

10.    Officer Bartholomew was the only witness who testified on behalf of the Commission against Mr. Stanton. The officer testified that he did not see Mr. Stanton dealing any drugs and he was just moving into the area based on Officer Sowers' lookout. Moreover, when Officer Bartholomew stopped Mr. Stanton, he did not recover any drugs on his person and only recovered narcotics in an area within the observation. When counsel questioned Officer Bartholomew as to the reason he had stopped Mr. Stanton, he said it was based on Sowers' statements. Officer Bartholomew was then adamant that he could not and would not speak on behalf of Officer Sowers.

11.    The only information that Officer Bartholomew testified about is that of which he had personal knowledge: (1) he stopped Mr. Stanton; (2) he recovered drugs at the back part of a vehicle that Mr. Stanton was standing in proximity to.

12.    Following Officer Bartholomew's testimony, counsel again objected to the Commission's sole reliance on the officer's testimony, which provided nothing but a confirmation that Mr. Stanton was stopped by the police and that narcotics were recovered in proximity to Mr. Stanton's person, but not on his person. Moreover, Officer Bartholomew, himself continually stated that he could not and would not speak to what Officer Sowers stated that he observed from his observation point and that the questions relating to those observations would have to be directed to Officer Sowers himself, since Officer Bartholomew only recovered the narcotics.

13.    The hearing examiner, after hearing Officer Bartholomew's testimony, concluded that in fact it was necessary to re-subpoena Officer Sowers in order to obtain testimony about his observations, as he is the only witness named in the police report, who is claiming to have personal knowledge of a crime that was allegedly committed by Mr. Stanton. The hearing

6

examiner concluded the hearing by requesting that the hearing be continued to obtain the testimony of Officer Sowers.

14.     Mr. Stanton received a confirmation notice of the Commission's intent to re-subpoena Officer Sowers in a Notice of Action dated March 27, 2006. *See* United States Parole Commission, Notice of Action for Charles Stanton, March 27, 2006(attached as Exhibit #7).

15.     A subsequent hearing was scheduled for April 17th, 2006 in order to obtain the testimony of Officer Sowers. At that hearing Officer Sowers, again disregarded the subpoena order. Officer Bartholomew appeared again, despite not having been subpoenaed and stated to counsel and the Commission that Officer Sowers would not be appearing at the hearing.

16.     The hearing examiner, as a result of Officer Sowers' second non-appearance and the fact that there was no good cause articulated for his non-appearance made a no finding on the possession with intent to distribute charge and moreover deemed the technical violation, use of dangerous and habit forming drugs, insufficient for revocation as Mr. Stanton had fully complied with his Community Supervision Officer's sanctions.

17.     A Notice of Action issued by the Commission on May 8, 2006, made clear that the findings of the hearing examiner had been overturned by the Commissioners when, instead of reinstating Mr. Stanton, they ordered that Mr. Stanton's supervised release be revoked and that he be sanctioned to a term of imprisonment of 22 months, followed by another 38 months of supervision. The finding was based on "information contained in the police report dated 11-10-2005 and the testimony of Officer Bartholomew at the 03-06-2006 revocation hearing. *See* United States Parole Commission, Notice of Action for Charles Stanton, May 8, 2006 (attached as Exhibit #8 ).

## ARGUMENT

**I.     Stanton's Due Process Rights Were Violated When The Commission Revoked His Parole Without Affording Him An Opportunity To Confront The Observing Officer.**

In order to reverse the hearing examiner's "no finding" recommendation and revoke Mr. Stanton's parole without a further hearing the Commission had to either reclassify Officer Sowers as a "non-adverse" witness or decide to deny Stanton the opportunity to confront this witness without providing a good cause basis. Both alternatives defy the *Morrissey* confrontation guarantee and deprive Mr. Stanton due process of law. *Morrissey v. Brewer, 408 U.S. 471 (1972)* A parolee's right to "confront and cross-examine adverse witnesses" marks one of the "minimum requirements of due process" guaranteed in parole revocation hearings. *Id.* Consistent with the Court's intent that revocation decisions be made on the basis of "verified facts" and "accurate knowledge," an adverse witness is anyone who provides inculpatory hearsay evidence that the Commission relies on to make a revocation determination. Id., *See Gagnon v. Scarpelli, 411 U.S. 778,782 (1973)*. Thus, "[o]n request of the parolee, a person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence." *Morrissey, 408 U.S. at 497,498* The Commission's decision to revoke parole despite the subpoenaed officer's failure to appear denied Mr. Stanton due process and should be reversed.

### A. The Parole Commission's Reclassification of Sowers as a Non-Adverse Witness Constitutes An Impermissible "Bait and Switch"

An adverse witness is any person who provides adverse information from which a parole revocation finding could be based. *Id.* The hearing examiner has the obligation to label a

8

requested witness "non-adverse" at the probable cause hearing rather than at the end of the revocation hearing. *Ash v. Reilly, No. 03-2007, 2006 WL 1363625 (D.D.C. May 05, 2006)* Especially after the hearing examiner made a "no finding" determination based on Officer Sowers' repeated failure to appear, "allowing the Commission to engage in such 'bait and switch' tactics would effectively eviscerate the right to confrontation guaranteed by *Morrissey*." *Id.*

Officer Sowers was the primary adverse witness against Mr. Stanton. Only Officer Sowers witnessed the alleged transaction. Officer Bartholomew's testimony and the police report written by Officer Salamone were the only pieces of evidence relied on to make the revocation determination. Both necessarily assumed the accuracy of Officer Sowers' initial observations. Without the liberty to confront Officer Sowers, Mr. Stanton could not obtain basic information concerning the alleged observation. For example, how far away was Officer Sowers from the two black males he allegedly witnessed exchanging a "small object" for currency? How was Officer Sowers able to identify Mr. Stanton as the perpetrator when, contrary to the lookout he himself issued, Mr. Stanton does not have a tattoo under his eye? The Commission's only witness, Officer Bartholomew, was unable to answer such questions. Rather, he explicitly indicated the need to address all inquires concerning Officer Sowers' observations to Officer Sowers. as the hearing examiner recognized with her "no finding" recommendation only Officer Sowers could have provided the critical information necessary to obtain the "accurate knowledge" and "verified facts" upon which parole revocation decisions must be based. *See Morrissey, 408 U.S. 471* As the Supreme Court recognized in Gagnon, sometimes "there is simply no adequate alternative to live testimony." *411 U.S. at 782 n.5.*

9

Moreover, once a witness is recognized as being adverse the Commission cannot

reclassify the witness simply because he failed to appear at the revocation hearing. *See Ash*

Three times the hearing examiner acknowledged Officer Sowers' important role: subpoenaing

him to appear at the revocation hearing, continuing the first hearing and re-subpoenaing him

when he failed to appear, and recommending a "no finding" when he was again absent for the

continued hearing. The Commission revoked parole without allowing Stanton to confront Officer

Sowers and without articulating a good cause basis. Thus, the Commission implicitly reclassified

Officer Sowers as a "non-adverse witness" based solely on his repeated refusal to appear.

Stanton's due process rights were violated by the Commission's "bait and switch" tactics. *Id. At*

*26.*

**B. The Commission Provided No Good Cause Basis For Not Affording Stanton The
   Opportunity To Confront Officer Sowers.**

A "good cause basis" must be articulated for the Commission to refuse the parolee an

opportunity to confront an adverse witness. *Morrissey, 408 U.S. at 498* To determine what

qualifies as a "good cause basis," the D.C. Circuit has adopted a balancing test to weigh the need

for confrontation against the Commission's reasons for not producing the witness. *See Crawford,*

*323 F.3d at 128-30; United States v. Stanfield, 360 F.3d 1346, 1359-60 (D.C. Cir. 2004).* Using

the balancing test, Courts have repeatedly failed to find a good cause basis where the adverse

witness provides unsworn verbal allegations against the parolee. *See, e.g., United States v. Bell,*

*785 F.2d 640, 642 (8th Cir. 1986); United States v. Comito, 177 F.3d 1166, 1170-73 (9th Cir.*

*1999)*

Because the Commission failed to articulate any basis for the decision—good cause or

otherwise--Mr. Stanton has no ability to attack the specific "good cause basis" for denying him

10

the right to confront Officer Sowers. The Commission ignored the recommendation of the

hearing examiner and sentenced Mr. Stanton to twenty-two (22) months all the while denying

him the right to confront Officer Sowers without providing a single reason why Mr. Stanton was

not entitled to confront the witness. The lack of an articulated good cause basis by the

Commission is also a violation of Mr. Stanton's rights under *Morrissey*.

Additionally, there is no reason the Commission could have articulated that would have

been sufficient to establish a good cause basis for denying Mr. Stanton the right to confront the

producer of the "unsworn verbal allegations[2]" serving as a foundation for his parole revocation.

*United States v. Fennell, 65 F.3d 812, 813-814 (*finding unsworn verbal allegations among the

least reliable forms of hearsay) Officer Sowers is not an undercover agent so his identity is

already known. *Morrissey, 408 U.S. at 498* Officer Sowers is a police officer with the

Metropolitan Police Department not a street-informant. Thus, there is no realistic danger of harm

that could arise from his testimony. *Id.* He is not retired from the force nor does he live outside

of the region. Denying Mr. Stanton the right to confront Officer Sowers based on the

inconvenience of repeatedly delaying disposition on the revocation charges while Officer Sowers

defied the subpoena issued for his appearance does not suffice. The desire for expediency does

not constitute a good cause basis for depriving Mr. Stanton of his constitutional rights, especially

when an agent of the government and not Mr. Stanton commands control over the delay.

Any potential good cause basis would need to be weighed against the need for

confrontation. The need to "verify facts" and "expose bias" constitutes the core of the right to

confront an adverse witness. *See, e.g., Id.; Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39

L.Ed.2d 347 (1974)* These needs are especially salient when a police officer's eyewitness

testimony forms the basis of a decision to revoke parole. *See, e.g., Bell, 785 F.2d at 643-644*

---

[2] Officer Sowers' allegations are entirely verbal as he is not the author of the police report.

(Noting the inherently suspect nature of police observations arising from "personal and adversarial" relationship between police officers and suspects) Courts reviewing the constitutionality of revocation hearings afforded to parolees have treated observations made by police officers with suspicion, finding "a police officer's description of events as he [or she] witnessed them …may be demonstrably reliable evidence of the fact that an arrest was made, but they are significantly *less reliable evidence of whether the allegations of criminal conduct are true*." *Downie v. Klincar*, 759 F.Supp. 425, 428 (N.D. Ill. 1991)(internal citations and quotations omitted, emphasis added). *See also United States v. King*, 613 F.2d 670, 673 (7th Cir. 1980)(acknowledging unreliability of eyewitness police reports); *Burkhalter*, 588 F.2d at 607 (holding that a police officer's description of events as he witnessed them lacks objective certainty). The need to confront the only witness to the alleged violation, who also happens to be a police officer, heavily militates in favor of denying any good cause basis that the Commission could have provided.

## C. The Commission's Denial of Stanton's Confrontation Rights Was Prejudicial Error Because The Quantity and Quality of The Other Evidence Is Insufficient.

The standard to overturn a parole revocation decision for insufficient evidence requires a decision "either totally lacking in evidentiary support or [a decision] so irrational as to be fundamentally unfair" *Duckett v. Quick, 282 F.3d 844, 847 (D.C. Cir. 2002)* However, in the context of hearsay evidence, this standard only requires hearsay evidence to be " both unreliable and sufficiently important to the decision such that parolee is prejudiced by the lack of confrontation" in order to reverse the Commission's decision. *Ash citing Crawford, 323 F.3d at 128-29.*

The author of the police report in *Crawford v. Jackson* was not made available for cross-examination by the parolee; however, the court found that Mr. Crawford was not prejudiced by the denial because there was "internal corroboration" of the complainant's accusation contained within the police report. Moreover, the bloodstains and indentation found on the living room wall were consistent with complainant's accusation and Mr. Crawford did nothing to explain or deny those findings. The court also found Mr. Crawford's explanation of complainant's injury—she fell outside—to be "far-fetched." Mr. Crawford provided no evidence to contest the hearsay.

This Court, in *Ash*, found due process to be inconsistent with the hearing examiner's denial to allow Mr. Ash to confront the complaining witness. The denial was found prejudicial because the police officer who took the statements of "four or five" witnesses that allegedly saw Ash toss a box-cutter while fleeing the area, could not identify any of the witnesses for the purposes of allowing Mr. Ash to confront them about what they saw. The police officer's hearsay testimony was largely dependant upon the unverifiable statements of the unidentifiable witnesses. The Commission relied on the complainant's medical records immediately following the incident and a box cutter located near the scene, however, the court still found that the right to confront the complaining witness was important enough to declare prejudicial effect.

Distinct from *Jackson*, each piece of hearsay evidence offered against Mr. Stanton fails to satisfy the traditional indicia of reliability. First, the non-appearing observing officer's unsworn verbal accusations comprise the foundation for all of the Commission's testimony against Mr. Stanton. The author of the police report relied on Officer Sowers' alleged observation and the arresting officer only apprehended Mr. Stanton because he "fit" the vague lookout description offered by Officer Sowers. The second suspect, the person Officer Sowers allegedly observed receiving "the small object," was never located. Officer Bartholomew found an amount of crack

13

contained in a baggy around the area of the crime; however, no explanation was offered

explaining who the drugs belonged to or why they were left after what Officer Sowers claimed

was an uninterrupted drug deal. Moreover, Officer Sowers did not claim to see Mr. Stanton drop

or toss any object. Also dissimilar to *Jackson*, Mr. Stanton offered a sworn affidavit casting an

affirmative light on his story that the police approached him once, said he was not the man they

were looking for, and then re-approached him five minutes later claiming that the officers' had

him on tape selling drugs. Whereas the revocation decision in *Jackson* could be made on the

basis of reliable hearsay evidence, the evidence supporting revocation in Mr. Stanton's case

lacks the necessary indicia of reliability.

  This case is even further on the continuum towards prejudicial effect than was *Ash*. The

sole eyewitness in Stanton's case is inherently suspect due to his position as a police officer.

Also, while in *Ash* the Commission had no ability to determine the identity of the eyewitnesses,

and therefore no ability to compel them to appear at the revocation hearing, here the Commission

could not legally proceed with adjudication until Officer Sowers was made available. Also, no

evidence akin to the medical records in *Ash* was presented against Stanton. The only evidence

presented, aside from the second-level hearsay contained in the police report, was Officer

Bartholomew's testimony that he identified Mr. Stanton based on Sowers' vague lookout

description and that he found crack cocaine near the scene of Officer Sowers alleged

observations. An isolated and unexplained baggie of crack cocaine provides nowhere near the

probative value of the box-cutter in *Ash*—and not even the box-cutter was enough to save the

Commission's constitutionally faulty parole revocation. Mr. Stanton's need to confront and

cross-examine Officer Sowers in order to gain information and attempt to expose bias outweighs

any attempt the Commission could have made at offering an acceptable good cause basis. The

Commission's refusal to afford Mr. Stanton his *Morrissey* rights violated due process and that violation was prejudicial because the other evidence upon which the Commission relied was insufficiently reliable for revocation.

## CONCLUSION

As the Supreme Court explained in *Morrissey*, "society has a[n]...interest...in treating the parolee with basic fairness" and "not having parole revoked because of...an erroneous evaluation of the need to revoke parole." *Morrissey*, 408 U.S. at 484. In this case the Commission treated Charles Stanton in a fundamentally unfair and erroneous manner because the Commission remanded Mr. Stanton to 22 months in prison without first upholding his right to confront and cross-examine his accusers. To protect Mr. Stanton's rights under the Due Process Clause, this Court must grant Mr. Stanton's petition for a Writ of Habeas Corpus.

## REQUEST OF RELIEF

For the reasons set forth above, Charles Stanton respectfully requests this honorable Court issue a Writ of Habeas Corpus and: (1) Order the Respondents release Mr. Stanton from custody and terminate the parole revocation process against him; or, in the alternative, (2) Order the Respondents release Mr. Stanton from custody and order a final parole revocation hearing which comports with Due Process at which the adverse witness is present for cross-examination.

The plain language of 28 U.S.C. § 2243 confers broad power on the federal courts to grant any form of relief necessary "as law and justice require," and the United States Supreme Court has repeatedly affirmed the broad power of district courts in granting relief in habeas corpus proceedings. *See, e.g., Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)(holding that "federal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief"); *Harris v. Nelson*, 394 U.S. 286, 291 (1969)(holding that "the very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected"); *In re Bonner*, 151 U.S. 242, 261 (1894)(holding that district courts are "invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus"); *Capps v. Sullivan*, 13 F.3d 350, 352-53 (10th Cir. 1993)(holding that federal district court has power to grant any form of relief necessary in federal habeas corpus proceeding, including the barring of a state retrial). Thus this Court has the authority and discretion to grant the relief Mr. Stanton requests.

Accordingly, Charles Stanton requests that this Court GRANT this petition and issue a Writ of Habeas Corpus or in the alternative issue a show cause Order directing that the Respondents present him before this Court for a hearing and show cause why a Writ should not issue.

Date:  June 6, 2006

                              Respectfully submitted.

                              Olinda Moyd
                              D.C. Bar No. 444662
                              Chief, Parole Division
                              Counsel for Charles Stanton
                              Public Defender Service for the
                                   District of Columbia
                              633 Indiana Ave. N.W.
                              Washington, D.C.  20004
                              Telephone:    (202) 628-1200
                              Facsimile:    (202) 824-2791

## List of Exhibits

1. District of Columbia Department of Corrections, Inmate Record, Booking Number 2006-00002, June 6, 2006
2. Certificate of Supervised Release for Charles Stanton, May 25, 2005
3. Metropolitan Police Department Police Report, PD163, November 10, 2005
4. Superior Court for the District of Columbia Criminal Information System, Count Details, Case No. F0652405
5. Alleged Violation Report, November 17, 2005
6. D.C. Probable Cause Hearing Digest for Charles Stanton. January 3rd, 2006
7. United States Parole Commission, Notice of Action for Charles Stanton, March 27, 2006
8. United States Parole Commission, Notice of Action for Charles Stanton, May 8, 2006

**Exhibit #1**

### Inmate Record

## 280908 - STANTON, CHARLES

| | |
|---|---|
| **Institution:** | 11 - CORRECTIONAL TREATMENT FACILITY |
| **Current Location:** | 11 - CORRECTIONAL TREATMENT FACILITY |
| **Record Status:** | ACTIVE |
| **Booking Number:** | 2006-00002 |
| **PDID Number:** | 458204 |
| **Social Security #:** | 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 |
| **US Marshal #:** | 04825007 |
| **# Total Bookings:** | 3 Booking History |
| **Commitment Date:** | 01/02/2006 |
| **Release Date:** | N/A |
| **Release Type:** | N/A |
| **In Custody Of:** | N/A |
| **Parole Elig. Date:** | N/A |
| **Short Term Date:** | N/A |
| **Full Term Date:** | N/A |



## Personal Data

| | | | |
|---|---|---|---|
| **Sex:** | MALE | **Race:** | BLACK |
| **Birth Date:** | 02/05/1979 | **Ethnicity:** | AFRICAN AMERICAN |
| **Birth Place:** | DC | **Education:** | 10 |
| | | **Occupation:** | UNEMPLOYED/UNKNOWN |
| **Hair:** | BLACK | | |
| **Eyes:** | BROWN | **Address:** | 1907 GOOD HOPE RD |
| **Weight:** | 160 | | SE APT 02 |
| **Height:** | 502 | | WDC, DC 20020 |
| **Aliases:** | (No Alias SSN's) | (No Alias Names) | |

## Charges

### Charge: DOC-2750 - DOC-CONDITION OF SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Case#:** | USPV | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 01/03/2006 | **Date Sentenced:** | N/A |
| **Date Charged:** | 01/02/2006 | **VVCC:** | $ N/A |
| **Counts:** | 1 | **Bond Amount:** | $ N/A |
| **Disposition:** | 1 - SENTENCED AND SERVING | **Bond Type:** | N/A |

### Charge: DOC-2736 - DOC-HELD IN TRANSIT.

| | | | |
|---|---|---|---|
| **Case#:** | INTRANSIT | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 01/02/2006 | **Date Sentenced:** | N/A |
| **Date Charged:** | 01/02/2006 | **VVCC:** | $ N/A |
| **Counts:** | 1 | **Bond Amount:** | $ N/A |
| **Disposition:** | N - MARSHAL / FEDERAL REMOVAL | **Bond Type:** | N/A |

06 1105
**FILED**

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Detainers

(No Detainer History)

## Transfer History

|  | Date/Time | Institution |
|---|---|---|
| **From:** | 1/2/2006 2:27:32 PM | INITIAL |
| **To:** | 1/2/2006 2:27:32 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **From:** | 3/6/2006 11:50:54 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **To:** | 3/6/2006 1:40:08 PM | 11 - CORRECTIONAL TREATMENT FACILITY |

## Booking History

| Booking# | Commitment Date | Release Date | |
|---|---|---|---|
| 2006-00002 | 01/02/2006 | N/A | <<<---Displayed Above |
| **2003-03223** | 03/18/2003 | 09/30/2003 | |
| **28090800** | 05/20/1999 | 09/16/2002 | |

*The Washington, DC Department of Corrections updates this information regularly. Therefore, information on this site may not reflect the current location, status, release date or other information regarding an inmate.*

*For additional information, please contact the DC Department of Corrections*

**Exhibit #2**

U.S. Department of Justice
United States Parole Commission

## CERTIFICATE OF SUPERVISED RELEASE
### District of Columbia Offender
### Release Date: 6/14/05

Having determined that **Stanton, Charles**, Register No. **04825-007**, (DCDC No. **280-908**), is to be released to supervised release for a term of **36** months upon release from imprisonment, the United States Parole Commission (the "Commission") ORDERS that the conditions listed in this certificate apply during that term of supervised release.

Given under the hand and the seal of the Commission on May 25, 2005

UNITED STATES PAROLE COMMISSION

*Steven M. Brunson*

By: **Steven M. Brunson, Case Analyst**

### ACKNOWLEDGMENT OF CONDITIONS

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF SUPERVISED RELEASE. I have received a copy of this CERTIFICATE OF SUPERVISED RELEASE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

### CONSENT TO DISCLOSURE OF DRUG/ALCOHOL TREATMENT INFORMATION

By signing this CERTIFICATE OF SUPERVISED RELEASE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of the term of supervised release.

_____          _____
                Name                                          Reg. No.

Witnessed: _____          _____
                Name and Title                                     Date

**06 1105**
**FILED**

JUN 1 5 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and must not associate with someone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If your term of supervised release was imposed because of a conviction for a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

## SPECIAL CONDITIONS

**Exhibit #3**

2596

**METROPOLITAN POLICE DEPARTMENT**
Washington, D.C.

ARREST/PROSECUTION REPORT

PD 163 Rev 8 2002                    G.O. 401.5

| | |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE ~ UNIT ~ DATE/TIME ~ NCIC NO. (ID ONLY) | 2. ID NUMBER (ID ONLY) 4582 |
| 3. DEFENDANT'S TRUE NAME ~ LAST, FIRST, MIDDLE (ID ONLY) | 4. CID NUMBER |
| 6. DEFENDANT'S NAME ~ LAST, FIRST, MIDDLE (At time of arrest) STANTON, CHARLES ANTONIO | 7. DEALS NUMBER |

| CR ARREST NO 01050 5481 | | | | |
|---|---|---|---|---|
| Arresting Officer's Name SALAMONE, JOHN | 9. TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS | | 11. PHONE NUMBER 202-819-1591 |
| Name  Badge # Agency OFC  3773  MPD | 12. COURT DATE 11/10/05 | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) 1907 GOODHOPE RD SE #2 | | 14. TIME IN D.C. LIFE |

| 15. ☐ CHILD ABUSE | ☐ GANG | ☐ HATE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX Male | 17. RACE Black | 18. BIRTHDATE 2/5/79 | 19. SOCIAL SECURITY NUMBER 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 |
|---|---|---|---|---|---|---|---|---|
| SPECIAL INTELLIGENCE | | | | | | | | |

| 20. NEED INTERPRETER ☐ YES ☒ NO | 21. HEIGHT 5'2 | 22. WEIGHT 160 | 23. HAIR BLK | 24. EYES BRN | 25. COMPLEX Med | 26. PERMIT NO/ST UNKNOWN | 27. BIRTHPLACE (City / State) DC |
|---|---|---|---|---|---|---|---|

| B. CO-DEFENDANTS: Number 0 (if more than 3, list on back) NAME ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY | 31. CAUTION |
|---|---|---|---|
| | 32. SCARS/MARKS/TATTOOS TATTOO UNDER EYE TEAR DROP | | |
| | 33. HAT BLK | 34. JACKET BLK AND GREEN | 35. PANTS BLUE |
| | 36. COAT | 37. SHIRT | 38. SKIRT/DRESS |

| CHECK MADE BY (Name) | 39. WALES/NCIC CHECK NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☐ No ☒ |
|---|---|---|

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) IN FRONT OF #9 TEMPLE COURT NW | | DATE OF OFFENSE 11/10/05 | TIME OF OFFENSE 1705 |
|---|---|---|---|
| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) UNIT BLK OF TEMPLE COURT NW | | DATE OF ARREST 11/10/05 | TIME OF ARREST 1705 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY BARTHOLOMEW, B  OFC 3452 1D/FMT | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY SOWERS, HARRY 3364 OFC 1D/FMT. |
|---|---|

| DATE 11 10 2005 | TIME | LOCATION 1D/FMT | 43. DEFENDANT ADVISED OF RIGHTS OFFICER'S NAME ~ ADVISING / COMPLETING PD FORM 47/47A CARDNAL, ALVIN | BADGE NO. 3773 | UNIT 1D |
|---|---|---|---|---|---|

| 44. COMPLAINANTS / WITNESSES (If sworn member ~ Name, Rank, Badge No. and Unit) MORE ☐ See Back | | | |
|---|---|---|---|
| NAME ~ LAST, FIRST, M.I. No.1 SOCIETY ADDRESS ~ STREET, CITY, STATE, ZIP CODE | BIRTHDATE N/A | HOME PHONE NO. | WORK PHONE NO. |
| No.2 | | | |

| 45. SPEC OPS FMT | 46. TACTICS 8 - Surveillance/O.P. | 47. PREMISES 3 - Parking Lot | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☒ |
|---|---|---|---|

| CHARGES | NCI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1 UCSA PWID COCAINE | | 153-174 | Lock up | |
| 2 | | | Lock up | |
| 3 | | | Lock up | |
| 4 | | | | |
| 5 | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE PERM SDCR BAG NO. 8 345 | CSES NO. | 51. INITALS ~ DATE ~ UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| | | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

06 1105

**FILED**

JUN 15 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| 54. USED ONLY 5 | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX. | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

NCIC, Page 1 C & R, Page 2 & 3 to Prosecutor, Page 4, JV Copy, Page 5 Officer's Copy

*COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK*

| 55. EMPLOYMENT HISTORY (List present employment if any, on Line 1) | | | | |
|---|---|---|---|---|
| FROM–DATE–TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
| | UNEMPLOYED | | | |
| | | | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES (Begin with immediate family) | | | | |
|---|---|---|---|---|
| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
| MOTHER | ADULT | DIXON, MICHELLE | SAME AS DEFENDENT | 202-389-159 |
| | | | | |

| 57. MILITARY SERVICE: BRANCH DATE FROM – TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| N/A | ☐ YES  ☒ NO  ☐ REFUSED | |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)

The event occurred on 11/10/05 at approximately 1705 in front of IN FRONT OF #9 TEMPLE COURT NW in Washington DC. The offense occurred Thursday, November 10, 2005, at approximately 1551 hrs in the parking lot in the rear f the Unit blk K St., N.W., Washington, D.C. Ofc. Sowers is a member of the 1st District Focus Mission Team. Esatblished by Ofc. Sowers was an observation post in the area observing the parking lot area in the rear of the Unit blk K St., N.W. at approximately 1532hrs. D-1(CHARLES STANTON) was appoached by an undeintified black male subject in the parking lot area. Def. Stanton then walked to the rear of a dark grey Honda Accord and sat down on the wall area. Def. Stanton's lower torso area was obstructed by the trunk of the vehicle. Observed was Def. Stanton looking towards his left momentarily. Def. Stanton then with his right hand han led a small object to the male subject in exchange for currency. The male subject then left the area. A lookout was given for the male subject who was not located. A lookout was given for Def. STanton(black male, black/green coat, black hat, glasses) who was stopped on the scene and positively identifed by the observation post officer. Recovered by Ofc. Bartholomew from the ground in the rear of the vehicle was a green ziplock packet containing (14)fourteen ziplock packets containing white rock substance which tested positive for the presence of cocaine. Defendant was placed under arrest and transpor ed to the 1st District for processing. Search incident to arrest recovered by Ofc. Melby from Def. Stanton was $13.00 in U.S. currency.

**DEFENDANT'S VERSION: REMARKS:** (What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.))

| RECORD CLERK'S NAME | | 3. | 5. | 63. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|
| | ARREST RECORD SUMMARY | | | |
| | 2. | 4. | 6. | |

BAIL REFORM ACT CASES  Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no (If yes, include in Defendant's Version/Remarks Section above.)

| PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| KORT S.D. SOWER | 3564 | OFC | |
| SIGNATURE OF OFFICER MAKING STATEMENT | UNIT 1-D | DATE 11/10/2005 | UNIT |  DATE |

**Exhibit #4**

```
MCIS0504            CRIMINAL  ORMATION SYSTEM   DISTRICT OF COLUMBIA
PDS1TJV2                  CO    DETAILS
CASE NO: F 06524 05  A                              CASE AGE:
            UNITED STATES  VS  CHARLES A. STANTON
PDID: 0458204 DOB: 02 05 79 JUDGE: JACKSON, WILLIAM M      CAL:
CHARGE:  U840 UCSA PWID COCAINE        CCR NO: 0153174 NOI NO:
POLICE BADGE NO: M 3773        PLEA:                    CITATION: L
OFFENSE DATE    : 11 10 05  JUDGMENT:                      JTWD:
FILE DATE       : 11 11 05  JDGMT DT:               TRIAL TYPE:
ALT ST HRG DATE:                   SENTENCE:
                                   COMMENT:                CONCUR:
CONTD DATE:           TIME:            CONFINEMENT PERIOD  :      /
CONTD FOR:                     BY:     FINE AMOUNT         :
CONT RSN:                                OR CONFINEMENT    :      /
SC GRAND JURY:                       CONFINEMENT SUSPENDED:      /
SC GRAND JURY DATE:                     ALT TIME SUSPENDED:
DISPOSITION DATE   : 11 11 05             FINE SUSPENDED:
OTHER DISPOSITION: NO PAPERED            PROBATION PERIOD:       TYPE:
LAST UPDT DATE: 11 11 05  BY: C1PMJ              VVCA AMT:
                          NEXT COUNT:
NEXT:               CASE:                    KEY:

PF10 ==> RETURN TO CASE SUMMARY
```

06 1105

**FILED**

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Exhibit #5**




**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*Community Supervision Services*
*General Supervision/Branch II-B*

### Alleged Violation(s) Report

November 17, 2005

| | |
|---|---|
| **TO:** | The United States Parole Commission<br>Scott Kubic<br>5550 Friendship Boulevard<br>Chevy Chase, MD 20815-7286 |

| **FROM:** | Nacre S. Williams<br>Community Supervision Officer | **Unit:** | General Supervision Unit III<br>- Team 32 |
|---|---|---|---|
| | | **Telephone:** | (202) 585-7657 |
| **Please send all inquiries to:** | 3850 South Capitol St., SE (2nd Floor)<br>Washington, DC 20032-1418 | **Fax:** | (202) 585-7661 |
| | | **Email:** | Nacre.Williams@csosa.gov |

**SUBJECT:**  Non-Compliance with Supervised Release
**DOCKET:**  F1614-03

**Offender:**  Mr. Charles Antonio Stanton
**FEDREG #:**  048250-07
**FBI #:**  802597HB6
**DCDC #:**  280-908
**PDID #:**  458-204

NOV 2 2 2005

**Action Recommended:** Warrant

## SENTENCING INFORMATION:

Mr. Charles Stanton is a 26 year-old male who was sentenced on 7/21/2003 to Thirty (30) months in prison followed by Three (3) years Supervised Release for the charge of Possession With Intent to Distribute Cocaine. The offender was placed on Supervised Release 6/14/2005 with a full-term date of 6/14/2008. Special conditions include; Drug testing, Drug and/or Alcohol Treatment.

## ALLEGED VIOLATION(S)

Since supervision, the offender is alleged to have committed the following violation(s):

**06 1105**

**FILED**

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Court Services and Offender Supervision Agency

Offender: Charles Stanton
PDID: 458-204

9/26/2005   Illegally Used Controlled Danger Substance (PCP)
10/3/2005   Illegally Used Controlled Danger Substance (PCP)
10/24/2005 Illegally Used Controlled Danger Substance (PCP)
10/31/2005 Illegally Used Controlled Danger Substance (PCP)
11/7/2005   Illegally Used Controlled Danger Substance (PCP)
11/11/2005 Failed to Obey all Laws

### Allegation # 1.  Offender illegally possessed, used, sold, or purchased a narcotic drug, controlled dangerous substance or related paraphernalia.

On 9/26, 10/3, 10/24, 10/31 and 11/7/2005, as evidence attached it has been confirmed through Gas Chromatography Mass Spectrometry (GCMS), that Mr. Stanton tested positive for the drug Phencyclidine (PCP).

### Allegation # 2.  Offender failed to obey all laws.

On 11/10/2005, Mr. Stanton was arrested in Washington, DC and charged with UCSA Possession with Intent to Distribute Cocaine. As evidenced by the attached PD-163, the offender was taken into custody; however, this charge was no papered.

### CASE SUMMARY

The officer received this case in transfer on 9/27/2005. Prior to transfer, Mr. Stanton was compliant until recent positive drug use and new charge that was incurred. Mr. Stanton's overall adjustment is currently poor. Mr. Stanton was placed on medium supervision on 8/15/2005.

Mr. Charles Stanton resides at 1907 Good Hope Rd 2 SE, Washington, D.C. 20020 and can be reached by phone at (202) 889-1591. He has been at this place of residence for 0 year(s) and 6 month(s). Mr. Stanton currently resides with his mother Michelle Dixon. The last home visit was conducted on 10/21/2005.

On or about 6/10/2005, Charles Stanton was employed with EPSI. On 10/11/05, he advised this officer that he lost his job due to a reduction in work. However, he states that he previously worked for Metro Rail Station and that he was in the process of seeking employment with Metro again.

On 11/14/2005 this officer received notice that Mr. Stanton was arrested on 11/10/2005, in Washington D.C. and charged with UCSA Possession with Intent to Distribute Cocaine. It has been verified that the offender was officially charged, however, the charge was dismissed with no further actions. Sanction imposed was a result of AVR submission. All urine sample dates that were returned positive for PCP are indicated in the allegation statement listed above. This officer sanctioned Mr. Stanton accordingly for each violation listed by imposing a verbal reprimand, written reprimand, daily reporting and increased urine surveillance. Mr. Stanton adhered to all sanctions imposed. Since positive results, his last urinalysis submission was return negative for illegal substances on 11/11/05.

A local a national record check was conducted on 11/17/05 and there is no additional arrest to report or outstanding warrants.

Court Services and Offender Supervision Agency

**Offender: Charles Stanton**
**PDID: 458-204**

## RECOMMENDATION

This Community Supervision Officer concludes that Mr. Stanton poses a moderate risk based on the nature of the offense – identical to his supervision offense -- and his recent use of a dangerous substance. Therefore, this officer is respectfully requesting a Warrant.

**Respectfully Submitted**

_Nacre S. Williams_     11/17/05
                          DATE

**Nacre Williams**
**Community Supervision Officer**
**Telephone Number: (202) 585-7657**

11/17/05
DATE

**Lorenzo L. Harris**
**Supervisory Community Supervision Officer**
**Telephone Number: (202) 585-7662**

cc: File

**Exhibit #6**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name............................: **Stanton, Charles**

Reg. No. .........................: **04825-007**

Type of Release ............: **Supervised Release**

Full Term Date When Warrant Issued..: **6-13-2008**

Date Warrant Executed.: 1·3·06

Hearing Date ........: 1·4·06

Examiner................: R Howard

Supervision Officer: **Nacre Williams**

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS    [ ] Other    [ ] None

Name _____ D. Winter

Address _____

_____

Phone _____

## Attorney Representing Subject at Revocation Hearing:

[ X ] PDS    [ ] Other    [ ] Unknown

Name _____

Address _____ SAME

Phone _____

---

## I. Items Advised {Check that the subject has been advised of the following two rights}:

[ ✓ ] Advised of Right to a Probable Cause Hearing    [ ✓ ] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

{If Probable Cause Hearing not conducted, indicate the reason}:

[ ] Postponed to Next Docket {If so, provide reason for postponement and omit rest of form.}

    [ ] At Request of Attorney/Prisoner    [ ] Prisoner Unavailable

    [ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled {If so, skip to VI. Revocation Hearing.}

06 1105

**FILED**

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Stanton, Charles
Reg. No. 04825-007    DCDC No. 280-908

**III. Review of Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_Request chain of custody_

[X] **Probable Cause Found**. After considering the violation report dated 11-17-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[ ] **No Probable Cause Found**

**Charge No. 2 - Law Violation – Possession With Intent to Distribute Crack Cocaine.**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_No papend on 11/11/05_

[X] **Probable Cause Found**. After considering the violation report dated 11-17-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

**Stanton, Charles**
**Reg. No. 04825-007    DCDC No. 280-908**

[  ] **No Probable Cause Found**

## IV.  Additional Charges:

## V.  Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

    [  ] **Reinstate** to Supervision  or  [  ] **Close Case** *[If expiration date has passed]*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

    [  ] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

## VI.  Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

*Supervision Officer Naere Williams*

Stanton,  Charles
Reg. No. 04825-007    DCDC No. 280-908

Name: Officer Harry Powers
Badge No. 3364
MPD (1D)
Status:_____Approved          _____Not Approved          _____Pending Further Review

Name: Officer B. Bartholomew
Badge No. 3452
MPD (1D)
Status:_____Approved          _____Not Approved          _____Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing   [   ] Approved at PC Hearing   [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing   [   ] Approved at PC Hearing   [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing   [   ] Approved at PC Hearing   [   ] Pending Further Review

Reason for Denial:_____

_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

IX.    **Revocation Hearing:**

[ ] Local Revocation or    [ ] Combined Probable Cause/Local Revocation on:

Location: [ ] CTF  [ ] DC Jail  Date: _3/8/06_  Time: [ ] am  [ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**    [ ] No    [ ] Yes  (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.    [ ] No    [ ] Yes

_____     _1/6/06_
        *Attorney/Prisoner*                              *Date*

_____
*Additional Text:*




_____     _1/6/06_
        *Examiner*                                        *Date*

**Disclosure Documents:**  Warrant dated 12-22-2005, Warrant Application dated 12-22-2005, Violation Report dated 11-17-2005 with attachments, Supervised Release Certificate dated 5-25-2005, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____     _1/6/06_
        *Attorney/Prisoner*                              *Date*

_____

**Stanton, Charles**
**Reg. No. 04825-007    DCDC No. 280-908**

**Exhibit #7**

USPC                    3/27/2006  11:18  PAGE 1/2   Fax Server

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: STANTON, Charles                    Institution: D.C. CTF
Register Number: 04825-007
ID-DC No: 280-968                         Date:   March 27, 2006

As a result of the hearing conducted on March 6, 2006, the following action was ordered:

### SRAA D.C. Local Revocation

Continue for a subsequent hearing to re-subpoena Officer Harry Sowers regarding Charge 2 – Law Violation: Possession With Intent to Distribute Crack Cocaine.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 – Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner and the testimony of CSO Williams.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Deborah Ritter
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

**06 1105**

**FILED**

JUN 1 5 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

STANTON, Charles                        1                    Clerk: NDB
Queue: cc: Brad Lyons to FI-BOP D.C. Correctional Treatment Facility; BOP D.C. Federal Billing Unit; USM District of Columbia District Court; D.C. District Court; FPD District of Columbia; District of Columbia D...

U. S. Marshals Service
District of Columbia - District Court
333 Constitution Ave. N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: Sean McLeod

**Exhibit #8**

5/8/2006    9:00    PAGE 1/3    Fax Server

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: STANTON, Charles | Institution: D.C. CTF |
| Register Number: 04825-007 | |
| DCDC No: 280-908 | Date: _____ May 8, 2006 |

As a result of the hearing conducted on April 17, 2006, the following action was ordered:

### SRAA DC Local Revocation:

This action is the conclusion of the decision put forth in Notice of Action dated March 27, 2006.

Revoke the term of supervised release. You shall serve a new term of imprisonment of 22 month(s) from January 3, 2006, the date the warrant was executed. You shall serve a new term of supervised release of 38 months following release from custody.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 2 - Law Violation - Possession with Intent to Distribute Crack Cocaine

Basis for the above stated finding(s): Information contained in police report dated 11-10-2005 and testimony of Officer Bartholomew at the 03-06-2006 revocation hearing.

### REASONS:

Your supervised release violation behavior has been rated as Category Three severity because it involved possession with intent to distribute and distribution of less than 1 gram of freebased cocaine. Your new Salient Factor Score is 4. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. Guidelines established by the Commission indicate a customary range of 18-24 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines is not warranted.

06 1105

**FILED**

JUN 15 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

stanton 04825-007                                                                                          1                                                Clerk:    ABC

cc:  U.S. Parole Commission; US BOP D.C. Correctional Treatment Facility; BOP D.C. Federal Rollout Unit; USPO Central Supervised Unit III; Parole G; 4850 South Capitol; USM District of Columbia; District Court, D.C.; District Court - EPD; District of Columbia; District of Columbia; DC

5/8/2006    9:00    PAGE 2/3    Fax Server

The above decision is appealable to the National Appeals Board pursuant to 28 C.F.R. 2.220.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:       CSS Data Management Group
          D.C. Court Services & Offender Supervision Agency
          300 Indiana Avenue, N.W., Suite 2070
          Washington, D.C. 20001

          D.C. Federal Billing Unit
          D.C. Department of Corrections
          Washington, D.C. 20003

          U.S. Probation Office
          General Supervision Unit III-Team 32
          USOSA
          3850 South Capitol Street, S.E.
          Second Floor
          Washington, D.C. 20032

          D. Ritter
          Public Defender Service
          District of Columbia
          Special Proceedings Division
          633 Indiana Avenue, N.W.
          Washington, D.C. 20004

          U.S. Marshals Service
          District of Columbia - District Court
          333 Constitution Ave. N.W., Room 1400
          Washington, D.C. 20001
          Warrants - Attn: Sean McLeod

tauton 01825 007                                                    2
meush 05 08 2006 09:35:55 BOP D.C. Correctional Treatment Facility  BOP D.C. Federal Billing Unit  USPO General
ipervision Unit III  Team 32  3850 South Capitol  USM District of Columbia  District Court, D.C. District Court  FPD
strict of Columbia, District of Columbia  DC

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 1 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement of the current offense prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation parole confinement escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 4 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

## Certificate of Service

I do hereby affirm that on this 7th day of June 2006, I mailed, first-class postage pre-paid, a copy of the foregoing Petition for Writ of Habeas Corpus, to:

Edward F. Reilly, Jr.,
Cranston J. Mitchell,
Deborah A. Spagnoli,
Patricia K. Cushwa,
Isaac Fulwood Jr.
United States Parole Commission
5550 Friendship Blvd. Ste. 420
Chevy Chase, MD 20815,

Robert Okum
Office of the United States Attorney
Special Proceedings Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Olinda Moyd