**Exhibit H**

# HEARING SUMMARY

**Name:** Stanton, Charles          **Reg No:** 04825-007

**Hearing Parameters**

    Hearing Format ............................ : **In Person**

    Hearing Type ............................... : **Revocation (Local)**

    Hearing Date ................................ : March 6, 2006

    Examiner ....................................... : Phyllis R. Baker

    Institution .................................... : D.C. Correctional Treatment Facility

    Second Designation ..................... : Unknown

**Sentence Parameters**

    Sentence Type ............................. : **SRAA**

    GL Credit for Mos in Custody Prior to Warrant Execution ............. : 0 months

    Original Authorized Term of Supervised Release ........................... : 60 months

    Maximum Authorized New Term of Imprisonment ........................ : 36 months

    Total of New Terms of Imprisonment Previously Imposed ............ : 0 months

    Months in Custody on Previous Warrant Without Revocation ....... : 0 months

    Remaining Term of Supervised Release ......................................... : 60 months

    Remaining Maximum New Term of Imprisonment ....................... : 36 months

**Warrant Parameters**

    Supervision .................................. : **Supervised Release**

    Revoking District & Office ........... : CSOSA, 3850 South Capital Street, SE, DC

    Warrant Execution Date ................ : 1/3/2006

    Probable Cause Date ..................... : 1/6/2006

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Prehearing Assessment dated February 14, 2006.

**Counsel:** Siobhan Briley, Georgetown Criminal Justice Clinic – Supervised by Deborah Ritter, PDS, DC
111 F Street, NW
Washington, DC

**Witnesses:** Brett Bartholomew, 1st District Metropolitan Police Department, Focus Mission Team.

Stanton, Charles, Reg. No. 04825-007          Page 1 of 5 

CSO, Ms. Nacre Williams.

**Procedural Considerations:** Counsel did not waive cross-examination of Officer Harry Sowers of the Metropolitan Police Department who failed to appear at today's hearing for no known reason.

Testimony in the police report revealed clearly that Officer Sowers conducted an observation post and was able to observe the conduct of the subject. At the conclusion of the hearing, this examiner agreed that the hearing should be continued to re-subpoena Officer Sowers for eyewitness testimony.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.**
  **Evidence Presented:** The subject admitted the above charge. Counsel advised that the CSO properly sanctioned the subject for these violations and a positive urine was not submitted after 11/7/2005. CSO Williams confirmed this information. She referred to the reported violation and noted that she imposed verbal as well as written sanctions and the Central Intervention Team was initiated. This examiner inquired as to the results of urinalysis after 11/11/2005. It is noted that the urine on 11/11/2005 was negative. This was the urine taken at lockup. Urine on 11/14/05 was also negative. This examiner inquired as to urine submission in December of 2005. CSO Williams did not have records of the testing and the dates of which the testing was done. She did testify that subject was placed on once a week testing as a result of the sanction imposed after the positive urine of 10/24/2005. She further noted that her recollection as far as urines submitted in December, 2005 were also negative.

  As subject showed compliance and there is no evidence of continued drug use after the last intervening sanction of 11/7/2005, this examiner is making a finding of violation however, this violation is not deemed sufficient for revocation.
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
  **Basis:** Your admission to drug use and testimony of CSO Williams.

**Charge No. 2 - Law Violation - Possession with Intent to Distribute Crack Cocaine.**
  **Evidence Presented:** The subject denied the above charge. Counsel chose to not have subject speak about this arrest until after the officer provided testimony.

Officer Bartholomew entered the hearing room and was sworn in. He testified that Officer Sowers conducted the observation post and he was a part of the arrest team. According to Officer Sowers, he observed subject and an identified male in a drug transaction. A lookout was done for both the buyer and the subject (the seller). The subject was stopped and Officer Sowers made positive identification of him. Officer Sowers also directed Officer Bartholomew to a stash which was located near a flower box. This stash was a few feet from Stanton from Stanton, who was on foot at the time he was stopped. The officer testified that subject was stopped based on the description of clothing as well as race and gender description. There is no information that the car the subject was near was connected to him in any way. Located from this stash was a green ziploc container 14 smaller zips of crack cocaine that tested positive for cocaine. Questioned as to whether or not the subject made any comments, the officer could not recall that he made any comments. The officer testified that there were other people in the area but, once subject was identified positively by Officer Sowers, the officer maintained that subject was not mistaken to be anyone else. Officer Bartholomew made it very clear that his role in the team was to respond based on what the observation of Sowers was. The

Stanton, Charles, Reg. No. 04825-007                                    Page 2 of 5

subject was located as he matched the description provided by Officer Sowers, he was stopped and positive identification was made of him by Officer Sowers

Upon cross-examination, the officer maintained that he did not observe the transaction. He also confirmed that he was not the author of the police report. Counsel inquired as to whether or the tattoo, in the shape of a teardrop, was visible by Sowers and part of the physical description. Counsel referenced this information on the face sheet of the police report. The officer did not recall that a description of a tattoo under the subject's eye was provided as an identifier for this subject. Counsel also questioned as to whether or the subject had been stopped and officers returned later and stopped him again. Officer Bartholomew had no recollection of stopping the subject and arresting him later. Officer Bartholomew was very clear that once he provided the lookout for the subject, he was informed that the subject was near a car and then he was directed to a stash. Officer Bartholomew referenced the police report and provided a description of the subject as a black male with a black and green coat with a black hat and glasses. (Note: The subject did appear at today's hearing wearing glasses). Officer Bartholomew was sure that the right person, matching the description provided by Officer Sowers, was stopped. When informed that the case was no papered, Officer Bartholomew responded that he has no control over what the US Attorney's Office does and had no knowledge as to why the case was no papered.

Upon being dismissed from he hearing room, the subject provided his testimony regarding what happened on the date of his arrest. He acknowledged that the officers (two, including Officer Bartholomew) stopped him and walked away from him. After approximately 5 minutes, they returned and placed him under arrest. The subject questioned as to why he was being arrested and the officers told him he would be informed once he was taken down to the station. Counsel maintained that there was a witness on that date and provided a statement from Reynell Tolson which revealed on that date he was observing subject as he was talking to another man when the officers approached. They stopped both men for a moment and then left. Mr. Tolson could not hear what the officers had said, but advised that the other male walked a way and he, Tolson, met with the subject. Approximately 3 to 4 minutes later, the police returned to the subject and at this time he could hear the conversation. The subject asked the officers why they were stopping him and the officers stated that they had a tape of him (subject) selling drugs. The subject asked to see the tape and the officers responded with laughter and advised that they would show him the tape at the police station. The subject was arrested and Mr. Tolson obtained his property from the police station.

Counsel also advised that she spoke with Mitchell Dickson, the subject's mother who reported contacting the Police Department and was advised that subject would be released because there was a case of mistaken identity.

Testimony from CSO Williams revealed that she did discuss the arrest with the subject and the statements he made at today's hearing was consistent with what he told her. Specifically, that he was in the area, he was initially stopped and the officers walked away from him and later they came back and arrested him. The subject maintained that the officers were on the radio talking and when they walked away from him the first time there was no officer left standing with him. Once he arrived at the police station he was informed that drugs had been found.

Counsel renewed her request for the appearance of Officer Sowers based on the fact that Office Bartholomew could not speak for Officer Sowers and could not testify as to what Officer Sowers saw. Additionally, counsel maintained that there was no evidence that subject possessed drug.

**Stanton, Charles, Reg. No. 04825-007**                                             Page 3 of 5

09/21/06 15:03 FAX 301 492 5563      US PAROLE COMMISSION                            ⌀024
Case 1:06-cv-01105-PLF   Document 8-9   Filed 10/05/2006   Page 5 of 6

This examiner referenced the statement provided by witness Tolson in which a tape had been made. Had this information been revealed prior to Officer Bartholomew leaving the hearing room, this examiner would have inquired of him as to whether or not the transaction had been filmed on that date. It is also significant that in the testimony of Officer Bartholomew, in the police report, there's no reference made to the visible observation of seeing the subject with the stash in or around the flower box where the stash was contained. It is noted that the observation post shows there was an obstruction of Sowers view at some point. Since there is no known reason as to why Sowers did not appear at today's hearing, this examiner is deferring a finding in this charge and requesting a re-subpoena of Officer Sowers. It is also significant that any PD 81 or DEA 7 pertaining to the testing to the drugs and the quantity of the drugs be brought to the subsequent hearing by the officer.

**Findings of Fact:** This examiner recommends that the case be continued to resolve remaining issues for the above charge.

**Basis:** Re-subpoena of Officer Harry Sowers.

**Discipline:** None.

**Release Plans:** Michelle Dixon at 1907 Good Hope Road, SE, Apt. 2, Washington, DC 20020, phone (202) 889-1591.

## Guideline Parameters

**Severity Justification:** Category to be determined.
**Salient Factor Score:** 4

**Re-parole Guideline Range:** To be determined.

**Evaluation:** Today's hearing was delayed as counsel representing the subject did not appear at the hearing until more than an hour after the hearing was scheduled. This information is provided as the US Parole Commission is tracking the delay of the hearings and the basis. Present at today's hearing was Officer Bartholomew as subpoenaed and CSO Williams. Not present is Officer Sowers. Officer Sowers testimony appears to be significant and a finding of violation in Charge No. 2 and thus a continued hearing is recommended. There is sufficient information for a finding of violation in Charge No. 1 (Drug Use) However, this charge appeared to have been addressed by the intervening sanctions imposed by CSO Williams and there was no evidence of drug use after 11/7/2005. According to the testimony of CSO Williams, subject continued to be tested with no positive results thus, it is recommended that revocation is not made on this violation alone. The SFS and reparole guideline range was reviewed with the subject based on a Category Three violation as there is no known knowledge of drug quantity. It would be significant at a subsequent hearing that Officer Sowers present information regarding the quantity of drugs and more significantly testimony that would directly connect subject with the drug stash as well as the eyewitness observation of the hand to hand transaction.

**Recommendation:** Continue for a subsequent hearing.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** To be determined.

**Additional Text:** None.

[Signature]

PRB/PAH
March 16, 2006

**Executive Reviewer's Comments:**