**Exhibit L**

## HEARING SUMMARY

**Name:** Stanton, Charles                                                **Reg No:** 04825-007

**Hearing Parameters**

    Hearing Format ............................: **In Person**

    Hearing Type ...............................: **Revocation (Local) (Subsequent Hearing)**

    Hearing Date ................................: April 17, 2006

    Examiner .......................................: Sandra G. Hylton

    Institution ......................................: D.C. Correctional Treatment Facility

    Second Designation .....................: Unknown

**Sentence Parameters**

    Sentence Type ..............................: **SRAA**

    GL Credit for Mos in Custody Prior to Warrant Execution ............: 0 months

    Original Authorized Term of Supervised Release ...........................: 60 months

    Maximum Authorized New Term of Imprisonment ......................: 36 months

    Total of New Terms of Imprisonment Previously Imposed ............: 0 months

    Months in Custody on Previous Warrant Without Revocation .......: 0

    Remaining Term of Supervised Release ...........................................: 60 months

    Remaining Maximum New Term of Imprisonment .......................: 36 months

**Warrant Parameters**

    Supervision ..................................: **Supervised Release**

    Revoking District & Office ..........: CSOSA

    Warrant Execution Date ...............: 1/3/2006

    Probable Cause Date ....................: 1/6/2006

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Summary dated March 6, 2006 and Prehearing Assessment dated February 14, 2006.

**Counsel:** Ms. Deborah Ritter, PDS
633 Indiana Avenue
Washington, DC

Stanton, Charles, Reg. No. 04825-007                                            Page 1 of 4



**Witnesses:** None. This case was continued to re-subpoena the Police Officer Sowers regarding two Law Violations, Possession with Intent to Distribute Crack Cocaine, however Officer Bartholomew appeared at the hearing stated that Office Sowers will not appear at the hearing as he is working in an undercover capacity and he would not appear at this hearing as it may jeopardize his undercover capacity. Officer Bartholomew stated that Officer Sowers will probably never attend this hearing.

**Procedural Considerations:**

**Charges:**

**Charge No. 2 - Law Violation - Possession with Intent to Distribute Crack Cocaine.**
  **Evidence Presented:** The subject denied the above charge. Please see PHA prepared by Hearing Examiner Phyllis Baker dated 3/6/2006.
  **Findings of Fact:** This examiner makes no finding concerning the above charge.
  **Basis:** Insufficient evidence.

  Hearing Examiner Baker had previously on 3/6/2006 made a finding of violation in regards to Charge 1, however, the charges were not deemed sufficient for violation.

**Discipline:** None

**Release Plans:** The subject plans to live at 1907 Good Hope Road SE, Apt. 2, Washington, DC 20020 upon his release.

**Guideline Parameters**

**Severity Justification:**  Category One because it involved Administrative Violations.
**Salient Factor Score:**  4

Re-parole Guideline Range: ................. N/A
Disciplinary Guideline Range: ............. N/A
Total Guideline Range: ................................

**Evaluation:** The subject had a SFS of 1 for administrative violations however the violations were deemed not sufficient for revocation. He has been incarcerated since 1/3/2006. The subject reportedly had some difficulty with drug use initially however he had not submitted a positive urine sample since 11/11/05. The subject does not appear to present a more serious risk than indicated by his parole guidelines and it is therefore recommended that the subject be reinstated to supervised release with the Special Condition of Drug Aftercare.

**Recommendation:** Violation found is not deemed sufficient for revocation. Reinstate to Supervision.

**Conditions:** Special Drug Aftercare.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

Stanton, Charles, Reg. No. 04825-007                               Page 2 of 4

Case 1:06-cv-01105-PLF    Document 8-13    Filed 10/05/2006    Page 4 of 5

Additional Text: None.

I certify that I have reviewed this hearing summary.

*Sandra B. Hylton*

Sandra G. Hylton, Hearing Examiner

SGH/PAH
April 25, 2006

**Executive Reviewer's Comments:** May 2, 2006: Pinner: I disagree with the "no finding" regarding Charge #2 on the warrant application. The case was previously continued because the officer who actually witnessed the drug transaction did not appear at the revocation hearing on March 6, 2006; only the arresting officer, Officer Bartholomew, appeared and he provided testimony. His testimony was that he did not witness the drug transaction, that it was witnessed by Officer Sowers and that based on the description of subject given by Officer Sowers, he was one of the two officers who arrested subject. The Commission continued the hearing (see NOA dated March 27, 2006 for the appearance of Officer Sowers. On April 12, 2006, the Commission was notified that Officer Sowers was working in an undercover capacity and would not be able to appear. At the hearing, the examiner did not make finding based on Officer Sowers' nonappearance. Counsel noted at the March 6, 2006 hearing that Officer Sowers' view of the subject was partially blocked for a moment when subject went behind a car, but he did witness the subject exchange an item for money and when subject was arrested, a bag containing 14 smaller baggies was found on the ground near subject. I have also considered the statement submitted by Mr. Tolson. However, I find that there is good cause for the non-appearance of Officer Sowers; I also find that the testimony of Officer Bartholomew at the March 6, 2006 hearing, coupled with the description of the criminal conduct in the police report dated November 10, 2005, support a finding that the subject distributed cocaine. I also note that subject has 4 prior convictions for the same type of conduct, distribution of cocaine.

The offense is rated as Category Three severity, because it involved possession with intent to distribute and distribution of less than 1 gram of freebased cocaine. With an SFS of 4, the reparole guideline range is 18-24 months. Based on the fact that subject was on supervised release for an offense involving PWID cocaine when he became involved in the distribution of cocaine again, I recommend release after service of 22 months from the date the warrant was executed, January 3, 2006. Drug aftercare is recommended. I recommend the imposition of a 38 month term of supervised release.

**Charge #2 – Possession With Intent to Distribute Crack Cocaine**
**Findings of Fact:** The examiner recommends a finding of fact on the above-cited charge.
**Basis:** Information contained in police report dated November 10, 2005 and testimony of Officer Bartholomew at the March 6, 2006 revocation hearing. *(**Note:** Notwithstanding the Commission's directive in the Notice of Action dated 3/27/2006 to re-subpoena Officer Sowers, the Commission has determined that there is good cause to excuse Officer Sowers because he is an undercover police officer and there is reliable hearsay evidence in the form of Officer Bartholomew's testimony and the police report filed on 11/10/2005.)

**Recommendations:**

Revoke the term of supervised release.

You shall serve a new term of imprisonment of 22 months from the date the warrant was executed, January 3, 2006.

You shall serve a new term of supervised release of 38 months following release from custody.

**Special Condition:** Drug Aftercare

**Guideline Use:** Within

*Comments by second reviewing examiner (S. Husk on 5/3/06): I agree with Examiner Pinner for a good cause finding excusing Officer Harry Sowers. However, because his presence was previously ordered and a good cause finding was not made at the time of the hearing, I believe that the "**basis**" section of the Notice of Action should notify Stanton of the finding of good cause. I have added this note to the basis provided by Ms. Pinner.