**<u>Exhibit O</u>**

U.S. Department of Justice                                **Notice of Action on Appeal**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

Name: Stanton, Charles                          Institution:  D.C. Correctional Treatment
Facility

Register Number: 04825-007                      Date:       August 3, 2006

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

## REASONS:

The specific mitigating circumstances you propose as a reason for a more lenient decision have been considered but are not seen as reason for reduction in the decision in your case. Specifically, you challenge the non-appearance of Officer Sowers at your continued revocation hearing. The record shows that the Commission (at the review stage) made a good cause finding for the non-appearance of Officer Sowers: "Notwithstanding the Commission's directive in the Notice of Action dated 3/2/2006 to re-subpoena Officer Sowers, the Commission has determined that there is good cause to excuse Officer Sowers because he is an undercover police officer and there is reliable hearsay evidence in the form of Officer Bartholomew's testimony and the police report filed on 11/10/2005." This finding was contained in the hearing summary, it was erroneously omitted from the NOA and is supplied here in lieu of on the NOA. The Commission did not reclassify Sowers as a non-adverse witness; rather, in conformity with Morrissey v. Brewer, 408 U.S. 471, 498 (1972), the Commission found good cause for not permitting confrontation of Officer Sowers. (as detailed above).

The Board rejects your argument that you were "deprived of [your] liberty solely on the statement of a witness who admitted on the record that he did not have personal knowledge of the incident". The information relied upon by the Commission in finding you to have possessed with intent to distribute cocaine was sufficiently reliable to permit a finding even without the appearance of Sowers. The police report itself bore indicia of reliability in the fact that it was detailed, and the report was corroborated by the testimony of Officer Bartholomew that when he stopped you at the scene, you matched the detailed description that had been given by Officer Sowers (black male, black/green coat, black hat, glasses); by his testimony that he found a "stash" of drugs at the place that he had been told by Officer Sowers it would be, a few feet from where you were, on foot, in the location where the drug transaction had been observed; and by his testimony that Officer Sowers had positively identified you at the scene as the person Sowers had described.  See Crawford v. Jackson, 323 F.3d 123, 130 (D.C. Cir. 2003).  (The description was further corroborated by the fact that you were wearing glasses at the time of the hearing.)

All decisions by the National Appeals Board on appeal are final.

Cc:     Deborah Ritter
        Staff Attorney, Parole Division
        Public Defender Service for the District of Columbia

633 Indiana Avenue, N.W.
Washington, D.C. 20004



Clerk   PWM

Stanton 04825-007
Queued: 08-03-2006 13:32:58 BOP-D.C. Correctional Treatment Facility |