UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHARLES STANTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-1105 (PLF) |
| ) | |
| U.S. PAROLE COMMISSION, et al., ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of habeas corpus. Petitioner Charles Stanton alleges that the United States Parole Commission violated his rights under the Fourteenth Amendment when it terminated his supervised release. Upon consideration of the briefs of the parties and the entire record herein, the Court will deny the petition for a writ of habeas corpus.

I. BACKGROUND

Petitioner Charles Stanton was sentenced to 30 months' incarceration, followed by three years of supervised release after his conviction for attempted possession with intent to distribute cocaine by the Superior Court of the District of Columbia on July 21, 2003. See United States Parole Commission's Opposition To Petitioner's Petition for Writ of Habeas Corpus ("Opp."), Ex. B. Petitioner was released on supervised release in June 2005. See Petition for a Writ of Habeas Corpus ("Petition") at 3-4. The written conditions of petitioner's release included that he not violate any law or illegally use or posses a controlled substance. See

Opp. at 2. About four months after his release, petitioner began to test positive for drugs, specifically PCP. See id. at 2. Then petitioner was re-arrested on November 10, 2005 for possession with intent to distribute cocaine. See Petition at 3-4.

Following this arrest, a police report was prepared by Harry Sowers, a police officer who was in an observation post witnessing the transaction. See Opp. at 2. Officer Sowers observed the petitioner hand a small object to a male subject in exchange for currency. See id. Officer Sowers issued a lookout for petitioner describing him as a black male, with a black/green coat, black hat and glasses. See id. at 2-3. Officer Sowers subsequently identified and stopped the petitioner. See id. At the time of the stop, Officer Brett Bartholomew recovered from the ground near the petitioner a green ziplock bag containing fourteen ziplock packets, each containing a white rock substance which tested positive for cocaine. See id. at 3.

On November 11, 2005, the United States Attorney's Office "no papered" the case. See Petition at 4. The Parole Commission received a violation report from petitioner's Community Supervision Officer ("CSO"), Nacre Williams, on November 17, 2005, and conducted a probable cause hearing on January 6, 2006, at which it examined two possible parole violations: (1) use of dangerous and habit forming drugs, and (2) a law violation -- possession with intent to distribute cocaine. See Opp. at 3.

Petitioner's revocation hearing was held on March 6, 2006, at the District of Columbia Correctional Treatment Facility, and Officer Bartholomew and CSO Williams were present and testified. See Opp. at 3. Officer Bartholomew testified that he did not observe the transaction, but that he was directed by Officer Sowers and that he was sure he had stopped the correct person. See id. at 4-5. He also testified about the ziplock bags he had recovered. See id.

at 4. Petitioner also testified, claiming that he had not been informed why he was being arrested until he was at the police station, and that the police informed his mother that he was being released due to a case of mistaken identity. See id. at 5. Petitioner also claimed that Mr. Reynell Tolson observed the situation and that, after the police initially encountered the petitioner, he and Mr. Tolson went to get ice cream. See id. at 5. Mr. Tolson, who provided an unnotarized, typewritten statement to petitioner, and petitioner both claimed that petitioner was arrested upon their return. See id. at 5-6. Finally, CSO Williams testified that she had discussed petitioner's arrest with him and that petitioner had been sanctioned for his drug use violations. See Opp. at 6. During the hearing, petitioner objected to Officer Sowers' absence, in violation of the subpoena calling Sowers to testify, and reserved his right to call Officer Sowers later as an adverse witness. See Petition at 5.

The hearing examiner concluded that the first parole violation for using drugs – while it was a violation – was an insufficient basis on which to revoke petitioner's parole. See Opp. at 6. The examiner deferred a decision on the second alleged violation, relating to petitioner's arrest, pending Officer Sowers' testimony. See id. The Parole Commission agreed with the examiner's findings, and issued a notice of action on March 27, 2006, informing petitioner that his hearing would continue at a later date. See id.

The Metropolitan Police Department Court Liaison informed the Parole Commission on April 11, 2006 that Officer Sowers was serving in an undercover capacity and therefore could not be made available to testify. See Opp. at 7. Officer Bartholomew testified at the continued revocation hearing on April 17, 2006, that Officer Sowers would not be attending because he was working undercover. See id. The hearing examiner at the second hearing did not

make a determination as to whether or not there was "good cause" for Officer Sowers' failure to appear. See id. Instead, the examiner recommended that no finding be made on the second charge, relating to petitioner's arrest for possession with intent to distribute cocaine. See id. On May 2, an Executive Hearing Examiner ("EHE") disagreed with the recommendation of "no finding," and determined that there was good cause to excuse Officer Sowers' appearance. See Opp. at 8. Based on a number of factors including petitioner's previous convictions, Officer Sowers' observations and report, and Officer Bartholomew's testimony, the EHE concluded that petitioner had violated the conditions of his release by possessing with intent to distribute cocaine. See id; see also Hearing Summary of April 17, 2006 Hearing, Executive Reviewer's Comments at 3.

      Under United States Parole Commission regulations, the disagreement between the hearing examiner and the EHE required the case to be reviewed by a third examiner. See 28 C.F.R. § 2.216(h); see also Opp. at 8. The reviewing examiner agreed that there was "good cause" to excuse Officer Sowers from testifying and that reliable hearsay evidence was available in the form of Officer Bartholomew's testimony and the police report. See Opp. at 8-9. The Parole Commission agreed with the findings of the reviewing examiner, and found that petitioner had violated the conditions of his release by possessing with intent to distribute cocaine. See id. at 9. The May 8, 2006 Notice of Action "advised petitioner that his supervised release was revoked, and he was required to serve a new term of imprisonment of 22 months." Id. at 9.

      Petitioner appealed this decision to the Parole Commission's National Appeals Board, objecting to Officer Sowers' non-appearance and the Commission's reliance on Officer Bartholomew's testimony. See Opp. at 9. The National Appeals Board rejected the claim,

4

concluding that the Commission had made a good cause finding excusing Officer Sowers' appearance. See id. The National Appeals Board also found that sufficient reliable evidence was adduced at the hearing to show petitioner's violation of the conditions of his release. See id. at 10.

## II. DISCUSSION

Petitioner argues that the Parole Commission's decision lacks adequate evidentiary support in the record. See Petition at 12-15. Petitioner also disputes the Commission's good cause finding to excuse Officer Sowers from the hearing. See id. at 10-12. He attacks the Commission's reliance on Officer Sowers' police report, claiming that it is unreliable hearsay evidence, and that it is minimal in quantity and is not corroborated by any other evidence. See id. at 13-15. Petitioner argues that the evidence from Officer Bartholomew, from petitioner himself, and from Mr. Tolson do not corroborate the police report. See id.

On a petition for a writ of habeas corpus, judicial review of the Parole Commission's decision to revoke supervised release is narrowly circumscribed. The Court is confined to determining whether there has been an "abuse of discretion," meaning that it may only consider whether there is a "rational basis" in the record to support the Parole Commission's conclusions. See Gambino v. E.W. Morris, 134 F.3d 156, 159-60 (3d Cir. 1998); Iuteri v. Nardoza, 732 F.3d 32, 37 (2d Cir. 1984). In considering whether there was a rational basis, the Court must keep in mind that the Parole Commission need only find a violation of conditions of release by a preponderance of evidence. See 18 U.S.C. § 4214(d); 28 C.F.R. § 2.105(a). Furthermore, in order to overturn a decision of the Commission, the Court must find that the Commission's decision was "either so lacking in evidentiary support or [was] so irrational as to

be fundamentally unfair," and thus violated due process. Duckett v. Quick, 282 F.3d 844, 847 (D.C. Cir. 2002); see also Ash v. Reilly, 431 F.3d 826, 830 (D.C. Cir. 2005); Crawford v. Jackson, 323 F.3d 123, 129 (D.C. Cir. 2003) .

*A. Adequacy of Evidence*

Petitioner argues that the quantity and quality of the evidence against him was insufficient to support a revocation of his supervised release. See Petition at 12-15. The Court concludes, however, that petitioner has not demonstrated the absence of a rational basis for the Commission's finding of a violation of petitioner's conditions of release. The hearsay evidence upon which the Commission relied was reliable, and it allowed the Commission to conclude by a preponderance of the evidence that petitioner Stanton attempted to posses with intent to distribute cocaine. See Petitioner's Ex. 3. The Commission determined that the reliable hearsay evidence – including the police report – was admissible under the flexible process afforded in a parole revocation hearing. See Crawford v. Jackson, 323 F.3d at 128 (allowing reliable hearsay evidence in revocation hearings if the evidence is of sufficient quantity); see also Singletary v. Reilly, 452 F.3d 868, 872 (D.C. Cir. 2006) (discussing flexibility in revocation hearing procedures and admission of reliable hearsay); Ash v. Reilly, 431 F.3d at 829 (same). The hearsay evidence in this case was extensive enough in quantity and quality to ensure that the Commission's process was fair. Petitioner has not suffered a violation of due process. See Duckett v. Quick, 282 F.3d at 846.

In Crawford v. Jackson, the petitioner sought a writ of habeas corpus based on his claim that the Parole Board "relied solely on the police investigative report containing hearsay to

revoke his parole." Crawford v. Jackson, 323 F.3d at 125. Crawford laid out five matters to consider in determining the reliability of such hearsay evidence: (1) the quality of the report; (2) admissions at the revocation hearing; (3) internal corroboration of the complainant's version of the events; (4) opportunity to present evidence contesting the report; and (5) presence of double or triple hearsay. See id. at 130-31.

Officer Sowers' report was a detailed police report prepared soon after the events which, under Crawford, carries with it significant indicia of reliability. See Crawford v. Jackson, 323 F.3d at 130. There was no double or triple hearsay, see Opp. at 16, and the testimony of Officer Bartholomew regarding the drugs that he himself found and the appearance of the petitioner on the day of his arrest corroborates the report written by Sowers in several areas. See Opp. at 15-18. Finally, Mr. Tolson's statement, presented by the petitioner to contest the report, said nothing about whether or not the petitioner was in fact selling or attempting to sell cocaine, but rather focused exclusively on the actions of the police. See Opp. at 16-17; Petitioner's Reply to United States Parole Commission's Opposition to Petitioner's Petition For a Writ of Habeas Corpus at 6-7 (acknowledging Mr. Tolson's failure to mention the alleged drug transaction). In sum, the Court concludes that the police report is sufficiently reliable for the purposes of the parole revocation proceeding and to have been relied upon by the Commission.

### B. Good Cause

Petitioner argues that the Parole Commission failed to articulate good cause why he should not have been permitted to cross-examine Officer Sowers. See Petition at 8-12. While the use of hearsay evidence does prevent the confrontation and cross-examination of a declarant,

the examiner concluded that good cause was provided to excuse Officer Sowers from the hearing.  See Opp. at 13.  As the courts have held, "[t]he absence of an adverse witness does not violate a parolee's due process rights if 'the hearing officer specifically finds good cause for not allowing confrontation.'" Ash v. Reilly, 431 F.3d at 830 (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972).  Furthermore, the relevant regulations provide:

> [T]he Commission may excuse any requested adverse witness from appearing at the hearing (or from appearing in the presence of the alleged violator) if the Commission finds good cause for so doing. A finding of good cause for the non-appearance of a requested adverse witness may be based, for example, on a significant possibility of harm to the witness, or the witness not being reasonably available when the Commission has documentary evidence that is an adequate substitute for live testimony.

28 C.F.R. § 2.216(d).  The inability to confront witnesses during a revocation proceeding is not a due process violation if the documentary or other evidence contains sufficient indicia of reliability to be an appropriate substitute for live testimony.  See Crawford v. Jackson, 323 F.3d at 130-31.

      The information from the Court Liaison regarding Officer Sowers' undercover status was good cause for his absence.  Petitioner's argument that the good cause showing was untimely and objecting to his inability to litigate the showing is without merit.  Under Morrissey v. Brewer, 408 U.S. at 489, petitioner has not suffered a due process violation as long as good cause for the witness' absence was found.  The Court concludes that there was not a due process violation in substituting the testimony of Officer Bartholomew coupled with the police report in lieu of the live testimony of Officer Sowers.  See Ash v. Reilly, 431 F.3d at 830 (quoting Morrissey v. Brewer, 408 U.S. at 489); see also 28 C.F.R. § 2.216(d).

In sum, the Court cannot conclude that the Commission's finding that petitioner violated the conditions of his supervised release lacks a rational basis, is unsupported by a preponderance of the evidence, or was an abuse of discretion. The Court therefore will deny the petition for a writ of habeas corpus. An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 27, 2007